UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
**JUDGE**

**LETTER OPINION**

November 16, 2010

Charles P. Guarino
Nicoll Davis & Spinella LLP
95 Route 17 South
Suite 203
Paramus, NJ 07652
    *(Attorneys for Plaintiff)*

Alfredo Felice a/k/a Dino Felice
11106 S. Brightstar Avenue
Floral City, FL 34436
    *(Defendant)*

American Nutrition, Inc.
4401 S. Florida Avenue
Inverness, FL 34450
    *(Defendant)*

    RE:   *N.V.E., Inc. v. Alfredo Felice a/k/a/ Dino Felice, and American Nutrition, Inc.*
           Civil Action No. 09-2053 (WJM)

Dear Litigants:

    This matter comes before the Court on the motion of Plaintiff N.V.E., Inc.

("NVE") for default judgment pursuant to Fed. R. Civ. P. 55(b) against Defendants Alfredo Felice, a/k/a Dino Felice ("Felice") and American Nutrition, Inc. ("American Nutrition"). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, N.V.E.'s motion is DENIED as to Defendant Felice and GRANTED as to Defendant American Nutrition. Default judgment shall be entered against American Nutrition.

**I.    BACKGROUND**

Plaintiff NVE is a manufacturer and seller of nutritional and dietary supplements, including two popular product lines known as STACKER 2 and STACKER 3. (Plaintiff's Complaint ("Cmplt.") at ¶ 6). NVE's product lines use distinctive logos and labels for which it has numerous trademark registrations. (*Id.*). In February 2004, the Food and Drug Administration ("FDA") issued a ruling that banned the marketing, distribution, and sale of dietary supplements containing ephedra after April 12, 2004. (*Id.* at ¶ 19). NVE reformulated its products to remove ephedra but had a large remainder of "Original Formula Product," which contained the banned substance. (*Id.* at ¶¶ 20, 23). Accordingly, in September 2004, Plaintiff entered into an agreement with Defendant American Nutrition to purchase the remainder of NVE's inventory of ephedra- containing products for export to Brazil, where the sale of such products remained legal. (*Id.* at ¶ 24). American Nutrition is listed as a party on the invoice outlining this transfer; Defendant Felice is not.

After entering into the contract, American Nutrition took possession of 360 pallets of NVE's ephedra- containing product. (*Id.* at ¶ 26). NVE believed that American Nutrition would subsequently ship the pallets to Brazil as stipulated in the contract. (*Id.*). However, shortly after the transfer of possession, NVE began to notice a large increase in the availability of Original Formula Product through retailers across the U.S. (*Id.* at ¶ 27). Plaintiff was suspicious and conducted an investigation, learning that the primary source of the additional Original Formula was American Nutrition, who in fact had not exported the product to Brazil. (*Id.* at ¶¶ 28-30). Plaintiff alleges that American Nutrition's diversion of the ephedra- containing product into the U.S. not only violates the terms of their contract and the FDA's ban, but also infringes upon NVE's trademark rights. (*Id.* at ¶ 35). Plaintiff is particularly concerned because if any consumers of Original Formula Product are injured, they will likely turn to Plaintiff for redress in the belief that Plaintiff supplied or otherwise authorized the product. (*Id.*).

Plaintiff filed a complaint against Defendants in federal district court in May 2009, alleging (1) federal trademark infringement in violation of the Lanham Act, (2) false designation of origin of products, dilution, false advertising, and false description and representation in violation of the Lanham Act, (3) common law unfair competition, (4) trademark dilution and injury to business reputation, (5) unfair competition pursuant to N.J.S.A. § 56:4-1, and (6) breach of contract. (*Id.* at ¶¶ 42, 48, 52, 56, 58, 61). The only reference to individual Defendant Felice in the entire complaint is that, upon information and belief, he is "an individual who is engaged in the business of sales, distribution, and marketing of various dietary supplement products." (*Id.* at ¶ 4). The complaint does not

identify the nature of his relationship, if any, with American Nutrition.  In fact, the two defendants have different addresses, both within the state of Florida.  Neither Defendant answered or otherwise responded to the Complaint.

In July 2009, Plaintiff requested and obtained an entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a), and in November 2009, Plaintiff moved for default judgment.  (CM/ECF Docket Entry Nos. 9, 13).  The Court denied the motion in December 2009, because insufficient information with respect to service of process had been provided.  (*Id.* at No. 14).  In January and June 2010, Plaintiff supplied the Court with evidence that service of process had properly been effectuated and with affidavits establishing the amount of damages.   (*Id.* at Nos. 15-17).  Specifically, Plaintiff demonstrated that service of process had properly been made in accordance with Fed. R. Civ. P. 4(e)(2)(B) with respect to Defendant Felice and in accordance with Fed. R. Civ. P. 4(e)(2)(C) with respect to Defendant American Nutrition.  (See 1/12/10 Certification of Charles P. Guarino ("1/12/10 Guarino Certif.").  Presently before the Court is Plaintiff's motion for default judgment.  Plaintiff seeks both injunctive relief and damages.

## II.     ANALYSIS

A defendant's default has the legal effect of admitting the truth of all well-pled allegations contained in the complaint that pertain to liability.  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  With that in mind, the Court must consider the three factors that control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984).

Here, given Defendants' default, the Court must accept as true Plaintiff's allegations pertaining to Lanham Act violations, unfair competition, trademark dilution and injury to business reputation, and breach of contract.  In this context, the Court must consider the appropriateness of entering default judgment against Defendants.  The Court finds that if the infringing behavior is not stopped and damages are not paid, the prejudice to Plaintiff will be great.  In addition, the Court is now satisfied that service of process was proper and that Plaintiff took all proper steps in filing its complaint, request for entry of default, and motion for default judgment.  The Court is unaware of any litigable defenses available to American Nutrition and finds that its failure to respond to the Complaint was the result of its own culpable conduct only.  However, the Court finds the Complaint to be entirely devoid of allegations of wrongdoing by Defendant Felice and sees no reasonable basis for imposing personal liability upon him.

Therefore, in reliance upon the Complaint, the certifications of Plaintiff's counsel dated January 12, 2010 and June 14, 2010, and the certification of Walter Orcutt, Plaintiff's Executive Vice President, the Court concludes that Plaintiff's motion for default judgment should be granted against Defendant American Nutrition in the amount of $5,916,000.00.  (*See* 1/12/10 Guarino Certif.; 6/14/10 Certification of Charles P. Guarino; Certification of Walter Orcutt).  The Court further concludes that American

Nutrition must be permanently enjoined from the use of the trademarks STACKER 2 and STACKER 3, all other marks or trade dress owned by Plaintiff, and all other designations which are confusingly similar to or dilutive of Plaintiff's mark or trade dress. Additionally, American Nutrition must cause to be delivered to Plaintiff for destruction all products and materials bearing Plaintiff's trademarks, trade dress, and any colorable imitation thereof.  However, the Court declines to grant default judgment against individual Defendant Felice, as no allegations were made against him personally and the complaint failed to identify the nature of his relationship, if any, with Defendant American Nutrition.

### III.     CONCLUSION

For the reasons stated above, Plaintiff's motion is **DENIED** without prejudice as to Defendant Felice.  Plaintiff's motion is **GRANTED** as to Defendant American Nutrition and default judgment is entered against American Nutrition.  An appropriate final judgment order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**